UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KARLA BROWDER, | ) |
| *Plaintiff,* | ) ) ) |
| vs. | ) CASE NO. 1:22-CV-204 RLM-MG ) |
| CHRISTOPHER BROWDER, | ) ) |
| *Defendant* | ) |

ORDER

Karla Browder is the administrator of the estate of George L. Browder, her late husband. Ms. Browder brought this action against Christopher Browder, George Browder's adult son. She alleges that George transferred real property and his shares in Happy Imports, Inc., to Christopher before his death. She now seeks a declaration that she's entitled to some or all of the transferred property. She alleges that the transfers were either ineffective or were unlawful attempts to disinherit her, so she's entitled to the property according to George's will or a surviving spouse's right to election. Ind. Code §§ 29-1-3-1, -4-1.

Ms. Browder brought her complaint in Marion County Superior Court. Ms. Browder lives in Florida and Christopher Browder lives in Indiana, so Christopher Browder removed the case to federal court [Doc. No. 1] under the court's diversity jurisdiction. 28 U.S.C. § 1332. Ms. Browder admitted to Christopher Browder's jurisdictional allegations and noted no objection to removal. [Doc. No. 5]. Christopher Browder then moved to dismiss the complaint

[Doc. No. 6] for failure to state a relief on which relief could be granted. Fed. R. Civ. P. 12(b)(6).

Federal courts must inquire into their jurisdiction even if the parties to a case consent to federal jurisdiction. Evergreen Square of Cudahy v. Wis. Hous. & Dev. Auth., 776 F.3d 463, 465 (7th Cir. 2015). Despite the parties' agreement as to diversity jurisdiction, Ms. Browder's complaint suggests that the court nonetheless lacks jurisdiction because the case falls into the probate exception to diversity jurisdiction. See Marshall v. Marshall, 547 U.S. 293 (2006); Markham v. Allen, 326 U.S. 490 (1946). The probate exception "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate." Marshall v. Marshall, 547 U.S. at 311. The probate exception to diversity jurisdiction is to be construed narrowly. Id. at 312; Storm v. Storm, 328 F.3d 941, 944 (7th Cir. 2003). The probate exception only prevents a court from exercising jurisdiction if the claim involves the administration of an estate, probate of a will, or any other purely probate matter. Marshall v. Marshall, 547 U.S. at 311–312. Federal courts mustn't decline to exercise jurisdiction if the requirements of the diversity statute are otherwise satisfied. See id. at 298–299 (quoting Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 404 (1821)).

Ms. Browder's complaint appears to fall squarely into probate exception. She brings her complaint under Indiana's statutory right of action for declarations regarding administration of estates or trusts. Ind. Code § 34-14-1-4. Her theories of recovery lead either to restoring property to the estate for distribution according to George Browder's will or to a surviving spouse's right

to take against the will or receive an allowance. Id. §§ 29-1-3-1, -4-1. Although Ms. Browder's theories raise questions of fraudulent inducement, which might not always be a solely probate matter, that theory is a means to enlarge the estate or her elective share, not compensation for a separate tort. Cf. Marshall v. Marshall, 547 U.S. at 312.

The court has provisionally determined that it lacks jurisdiction over Ms. Browder's claim because the claim falls within the probate exception to the court's diversity jurisdiction. Nevertheless, "a court in doubt of its own jurisdiction generally is well-advised to solicit the parties' views on the subject prior to ruling." Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth., 776 F.3d at 465.

Accordingly, the court ORDERS that Christopher Broward show cause why the court shouldn't remand this case for lack of subject-matter jurisdiction under the probate exception to diversity jurisdiction. The court ORDERS that the response to this order be limited to ten pages and be filed within fourteen days of this order. Ms. Browder may file a supplemental memorandum limited to ten pages within seven days of Mr. Broward's response.

SO ORDERED.

ENTERED:   April 25, 2022

/s/ Robert L. Miller, Jr.
Judge, United States District Court

Distribution:  Electronically registered counsel of record