UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KARLA BROWDER, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:22-CV-204 RLM-MG |
| | ) | |
| CHRISTOPHER BROWDER, | ) | |
| | ) | |
| *Defendant* | ) | |

## ORDER

Karla Browder was married to George Browder until his death in 2021. She is the administrator of George's estate and brought this action in state court against George's adult son Christopher Browder. Ms. Browder's seeks a declaration that certain property George transferred to Christopher belongs to the estate. Christopher Browder removed the case to federal court under the court's diversity jurisdiction and later moved to dismiss the case. [Doc. No. 6]. The case was potentially within the probate exception to federal diversity jurisdiction, so the court ordered Christopher Browder to show cause why the case shouldn't be remanded. With the benefit of the parties' supplemental briefing, the court concludes that it has jurisdiction. For reasons explained in this opinion, the court denies Christopher Browder's motion to dismiss.

I. STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the court construes the complaint in the light most favorable to the nonmoving party, accepts all

well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). But A complaint must have "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and must have enough factual matter to state a claim that plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plaintiff must provide some specific facts to support any legal claims asserted. McCauley v. City of Chi., 671 F.3d 611, 616 (7th Cir. 2011). On a Rule 12(b)(6) motion, the moving party bears the burden of showing that a claim should be dismissed. Marcure v. Lynn, 992 F.3d 625, 630–632 (7th Cir. 2021).

## II.  STATEMENT OF FACTS

The facts, as alleged in Ms. Browder's complaint, are as follows.

Karla Browder and George Browder were married for fourteen years until George's death in July 2021. When George died, Karla entered George's will into probate in Pasco County, Florida, where they lived. Ms. Browder was the sole beneficiary of the will, which specifically gave her commercial property in Indianapolis, Indiana, and all of George's shares in Happy's Imports, Inc. George executed his will on July 25, 2019, and shared the contents of the will with Karla. George's will addressed his adult son, Christopher Browder: Article 11 of the will

said, "I have in mind but make no provision in this my last will and testament for my son, Christopher G. Browder, but not out of any lack of love or affection."

Unbeknownst to Karla, George had begun transferring some property to Christopher before executing the will. On May 18, 2019, George executed a quitclaim deed conveying the real property in Indianapolis to Christopher. George instructed Christopher that the conveyance was meant to take effect upon George's death, so Christopher should wait until George died to record the deed. Christopher recorded the deed on July 26, 2021, three days before George died. Also on May 18, 2019, George signed a corporate resolution that transferred all his shares in Happy's Imports, Inc., to Christopher. Christopher didn't sign the corporate resolution until January 10, 2021.

Ms. Browder brought this action alleging that the transferred property belongs to George's estate. She alleges that both property transfers were incomplete when George executed his will and that by executing the will, George revoked both incomplete transfers. Alternatively, Ms. Browder alleges that both transfers were done with the specific intent of disinheriting Ms. Browder by diminishing the estate and defeating her spousal rights. Ms. Browder was left destitute because the transferred property made up most of the estate.

Ms. Browder sued Christopher in Marion County Superior Court seeking a declaration that both transfers were either incomplete or unlawful and must be returned to the estate, or that Christopher Browder is liable to the estate in an amount to be determined by Indiana law.

III.   FEDERAL JURISDICTION AND THE PROBATE EXCEPTION

Federal courts are obligated to inquire into their jurisdiction without prompting from others. Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth., 776 F.3d 463, 465 (7th Cir. 2015). Mr. Browder removed this case from state court, alleging facts that would support this court's jurisdiction under the diversity jurisdiction statute. *See* 28 U.S.C. § 1332. Ms. Browder admitted to those jurisdictional allegations and the court had no reason to question that § 1332's textual requirements were satisfied. Upon further consideration, the court provisionally determined that Ms. Browder's complaint fell within the probate exception to diversity jurisdiction. *See* Marshall v. Marshall, 547 U.S. 293 (2006). Because a court should give the parties a chance to explain why jurisdiction is proper before remanding, the court ordered Mr. Browder to show cause why the case shouldn't be remanded and gave Ms. Browder the chance to express her position as well. *See* Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth., 776 F.3d at 465.

The probate exception to diversity jurisdiction limits a federal court's jurisdiction and "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate." Marshall v. Marshall, 547 U.S. at 311. The exception is limited to instances where a federal court is called on to (1) probate or annul a will, (2) administer an estate, or (3) dispose of property that is in the custody of a state probate court. Beasley v. Coleman, 560 F. App'x 578, 580 (7th Cir. 2014) (citing Marshall v. Marshall, 547 U.S. at 311–312). Courts must construe the exception narrowly and the exception "does not

4

bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." Marshall v. Marshall, 547 U.S. at 312. If the relief sought would add assets to an estate but not reallocate the estate's assets among claimants or otherwise interfere with the probate court's administration of the estate, a claim is outside the probate exception. Gustafson v. zumBrunnen, 546 F.3d 398, 400 (7th Cir. 2008); Dunlap v. Nielsen, 922 F.3d 1036, 1041 (10th Cir. 2019). Although a federal court can't exercise jurisdiction over property in the custody of a state probate court, "[i]f the assets need to be added to the estate they are, of course, not currently a part of the estate and so not (yet) under control of the probate court." Wolfram v. Wolfram, 78 F. Supp. 3d 758, 764–765 (N.D. Ill. 2015). A state doesn't broaden the probate exception by creating probate courts or organizing certain statutes as a probate code. Marshall v. Marshall, 547 U.S. at 314 ("[T]he jurisdiction of the federal courts, having existed from the beginning of the Federal government, cannot be impaired by subsequent state legislation creating courts of probate.") (internal quotation marks and brackets omitted); *see also* Dunlap v. Nielsen, 922 F.3d at 1042; Goncalves v. Rady Child.'s Hosp. San Diego, 865 F.3d 1237, 1252–1253 (9th Cir. 2017).

Mr. Browder argues that the probate exception doesn't apply, so the court can exercise jurisdiction. He points out that this case is separate from the case Ms. Browder opened in state court to administer the estate. He then argues that Ms. Browder seeks to add property to the estate, not for the court to administer

the estate. He points out that the transfers were by deed and corporate resolution instead of probate transfers, supporting jurisdiction.

Ms. Browder argues that the probate exception applies. She essentially makes three arguments, which overlap to some degree. First, she argues that the exception applies because the case has to do with an estate and has lots of the same characteristics as a probate case. Specifically, she brought her claim under a state statute that permits declaratory relief regarding estates, Ind. Code § 34-14-1-4; the case was opened as a probate case rather than a plenary case; and both of her legal theories relate to probate. She points out that probate courts in Indiana, and particularly in Marion County where she brought this case, have special procedures and rules for probate cases.

Second, Ms. Browder argues the probate exception applies because this court would seek to exercise control over property that's already in state court custody. She argues that when a Florida court probated George's will and when Ms. Browder opened an ancillary probate case in Indiana, those courts exercised jurisdiction over the disputed property. She specifically argues that the Indiana probate court "assumed control over the potential res of the estate," so this court is powerless to assume control as well.

Third, Ms. Browder argues that policy reasons support remand to state court. See Marshall v. Marshall, 547 U.S. at 312. As briefly explained earlier, she contends that state courts, particularly in Marion County, are best situated to handle probate matters given their experience with probate matters and the special rules and procedures they have for probate matters. She adds that much

of this case will require interpreting and applying Indiana probate law and suggests an Indiana court would be "the most appropriate venue to resolve . . . complex probate issues."

None of Ms. Browder's arguments show that this court would probate or annul a will, administer an estate, or exercise control over property in the custody of the estate. Those are the circumstances that make the probate exception, so the court can and must exercise jurisdiction. Ms. Browder's first argument correctly points out that this case addresses an estate matter, but that a case involves an estate doesn't mean the court would be administering the estate or probating a will. *See* Gustafson v. zumBrunnen, 546 F.3d 398, 400 (7th Cir. 2008). Neither do the labels or location of provisions in the Indiana code answer whether the exception applies. Goncalves v. Rady Child.'s Hosp. San Diego, 865 F.3d 1237, 1252–1253 (9th Cir. 2017). Ms. Browder argues the state court's probate procedures and rules make it the more appropriate venue. That the state courts have procedures and rules for probate matters might show the state court could handle the case more efficiently, but it doesn't show that this court lacks jurisdiction.

Neither does Ms. Browder's argument about both courts controlling the disputed property show that the probate exception applies. The probate exception applies if a federal court would exercise jurisdiction over property already in the custody of a state court. Marshall v. Marshall, 547 at 312. Both of Ms. Browder's legal theories seek to add property to the estate, which the probate court would presumably distribute according to the will. Both theories

would "just add assets to the decedent's estate," and neither would "reallocate the estate's assets among contending claimants or otherwise interfere with the probate court's control over and administration of the estate." Gustafson v. zumBrunnen, 546 F.3d at 400 (citing Marshall v. Marshall, 547 U.S. at 310–312). Ms. Browder asserts that the state court took jurisdiction over potential estate property without citing any authority showing that potential estate property is distinct from property that is to be added to the estate. Ms. Browder's claims aren't aimed at property already in the state court's custody, so the probate exception doesn't apply on that basis.

Finally, Ms. Browder argues that policy reasons support remanding to state court. She emphasized that the state courts are most proficient in probate matters and would be better equipped to interpret relevant Indiana law. A state court might be more proficient, but a state court's superior proficiency alone doesn't prove the exception. A state court's specialized rules, procedures, and proficiency might prove the exception when a case requires ongoing managerial functions. Struck v. Cook Cnty. Pub. Guardian, 508 F.3d 858, 860 (7th Cir. 2007) ("The comparative advantage of state courts in regard to [probate and domestic relations] is at its zenith when the court is performing ongoing managerial functions for which Article III courts . . . are poorly equipped."); Wolfram v. Wolfram, 78 F. Supp. 3d 758, 763 n.3 (N.D. Ill. 2015). Ms. Browder's claims are comparatively narrow compared to ongoing administration of an estate or other managerial functions. Determining whether the property transfers were incomplete or unlawful attempts to disinherit Ms. Browder likely

8

wouldn't require active management over a long period, so policy reasons don't show that this court lacks jurisdiction.

Ms. Browder seeks a declaration that the alleged transfers were either incomplete or were made with the impermissible intent to disinherit her. If Ms. Browder gets the relief she wants, this court wouldn't be probating or annulling George Browder's will, administering his estate, or exercising control over property in the state court's custody, so the probate exception doesn't apply and this court can and must exercise jurisdiction.

## IV. Mr. Browder's Motion to Dismiss

Mr. Browder moves to dismiss Ms. Browder's complaint for failure to state a claim on which relief could be granted. Fed. R. Civ. P. 12(b)(6). He argues that George didn't own the transferred property at his death, so they weren't part of the estate and subject to George's will, and that two years had passed between the alleged transfers and George's death, which is too long a period to have been made in contemplation of death.

Ms. Browder responds by reiterating her theories of relief and explaining how some of Indiana law. The first theory is that although George intended to transfer the property to Mr. Browder in 2019, George revoked both transfers before they were completed. It follows, according to Ms. Browder, that the property is still part of the estate. Since she receives all of George Browder's estate according to the will, she's entitled to the transferred property.

The second theory is that even the property transfers were complete, they're invalid under Indiana law, so the property belongs to the estate. Ms. Brower explains that if a married person dies with a will, the surviving spouse can choose to take a certain portion of the estate rather than receive what's provided by the will. Ind. Code. § 29-1-3-1; Weitzman v. Fort Wayne Nat'l Bank, 724 N.E.2d 1120, 1122 (Ind. Ct. App. 2000). By its own words, the statute is limited to probate assets. But the statute is "designed to make it impossible for a spouse to deprive the surviving spouse" of the spousal election, Walker v. Lawson, 526 N.E.2d 968, 969 (Ind. 1988), so Indiana courts have interpreted the statute as applying to property beyond probate assets. *E.g.*, Sarkar v. Naugle, 145 N.E.3d 802, 809–810 (Ind. Ct. App. 2020); Walker v. Lawson, 526 N.E.2d at 969; Crawfordsville Tr. Co. v. Ramsey, 100 N.E. 1049 (Ind. App. 1913). Ms. Browder claims her case is one such instance because her late husband transferred property to deprive her of her spousal statutory rights and "a transfer made solely for the purpose of defeating the spouse's statutory share is void." Walker v. Lawson, 526 N.E.2d at 969 (discussing Leazenby v. Clinton Cnty. Bank & Tr. Co., 355 N.E.2d 861 (Ind. Ct. App. 1976)).

In reply, Mr. Browder reiterates some of his arguments but doesn't respond to Ms. Browder's legal theories and the authority she cites. Although he claims it's implausible that property transfers made more than two years before death were made in contemplation of death, he cites no authority imposing any time limit on a decedent's improper intent to disinherit a surviving spouse. Nor does he grapple with Ms. Browder's allegation that George instructed him to wait

until George's death to record the quitclaim deed. His other argument—that George didn't own the property when he died so it wouldn't pass according to the will—restates the premise that Ms. Browder is contesting. It doesn't undermine Ms. Browder's allegations of incomplete transfer or improper purpose.

Mr. Browder makes two other brief arguments about breach of contract and the statute of frauds, but the arguments are underdeveloped and it's unclear how those arguments would undermine Ms. Browder's claims. Mr. Browder hasn't carried his burden of showing why Ms. Browder's claims should be dismissed despite her explanation of how the complaint states a claim under Indiana law, so the court denies Mr. Browder's motion to dismiss.

V.   CONCLUSION

For the foregoing reasons, the court DISCHARGES its April 25 order to show cause [Doc. No. 14] and DENIES Mr. Browder's motion to dismiss. [Doc. No. 6].

SO ORDERED.

ENTERED:   June 13, 2022

      /s/ Robert L. Miller, Jr.
  Judge, United States District Court

Distribution:  All electronically registered counsel of record